IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:20-MJ-9111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE GREENBERG |
| v. | ) | |
| | ) | |
| QING WANG, a.k.a. KENNETH WANG, | ) | **JOINT MOTION TO SUSPEND THE 30-DAY STATUTORY SPEEDY TRIAL CLOCK AND EXCLUDE SUCH TIME FOR ALL SPEEDY TRIAL ACT PURPOSES** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Mark S. Bennett, Assistant United States Attorney, and Defendant Qing Wang, a.k.a. Kenneth Wang, by and through his attorneys, Justin M. Weatherly and Brandon J. Henderson, hereby moves this Court to suspend the 30-day time period imposed by the Speedy Trial Act for returning an indictment in the above-captioned case, and to exclude such time for all Speedy Trial Act purposes, including, but not limited to the 30-day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be filed.

The United States initiated this case via complaint and arrest warrant.  Defendant Wang was arrested and placed into federal custody on May 13, 2020, and first appeared before a judicial officer of this Court on May 14, 2020, at which time Defendant was released on bond.

Under 18 U.S.C. § 3161(b), an indictment or information must be filed within 30 days from the date on which a defendant was arrested.  Under normal circumstances, this would require the United States to seek an indictment filed no later than June 12, 2020.

On March 16, 2020, this Court issued General Order 2020-05, which included a directive stating that, for all Grand Jury proceedings through May 1, 2020, "Grand juries will not meet unless absolutely necessary," subject to vacatur or amendment by the Court no later than May 1, 2020. (Gen. Order 2020-05).  On March 23, 2020, the Court amended General Order 2020-05 and issued General Order 2020-05-01 which states, in pertinent part, that no Grand Juries will convene unless absolutely necessary and with the approval of the Chief Judge. (Gen. Order 2020-05-01).  On April 20, 2020, the Court again amended General Order 2020-05 and issued General Order 2020-05-02 stating that "All grand jury proceedings are suspended through June 12, 2020, unless absolutely necessary and with the approval of the Chief Judge."  The Court entered these General Orders in response to the COVID-19 public-health emergency declared at both at the national and state levels. (*Id.*).

Notwithstanding this public health emergency, United States continues to investigate, prosecute and prepare this case for indictment, including making arrangements to obtain available witnesses to testify before a grand jury within the allotted 30-day period.  Nonetheless, the United States and the Defendant are cognizant of the concerns identified in the General Orders, and of the public-health risk created for government counsel, witnesses, grand jurors, and Court personnel by assembling during the period of the public-health emergency.

For the reasons set forth below, the parties seek particular findings under Sections 3161(b), and 3161(h):

I. A SPEEDY TRIAL ACT CONTINUANCE BECAUSE UNIQUE CICRUMSTANCES PREVENT REGULAR CONVENING OF GRAND JURY SESSIONS

The Speedy Trial Act automatically provides for an additional 30-days to seek an indictment "in a district in which no grand jury has been in session during such thirty-day period." 18 U.S.C. § 3161(b). While grand juries are technically still in session, General Orders 2020-05-01 and 2020-05-02 preclude convening these grand juries unless "absolutely necessary" and approved by the Chief Judge. In addition, given the current declarations of a national and statewide public-health emergency due to COVID-19, it is highly unlikely that a sufficient number of grand jurors would appear to satisfy the quorum requirement for returning an indictment. Accordingly, the parties seek a finding that 3161(b) applies to this particular case thereby extending the time period to seek an indictment by 30 days.

II. AN "ENDS OF JUSTICE" FINDING IS ALSO WARRANTED IN THIS MATTER

In addition to a finding that Section 3161(b) is applicable, the government also seeks an "ends of justice" finding necessary to exclude time under Sections 3161(h).

The Speedy Trial Act excludes "the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence," any period of delay based on a continuance granted by "any judge" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h) & (h)(7)(A). The court must set forth "in the record of the case" its reasons supporting such a finding, after considering the factors identified in the statute, among others. *Id.*, § 3161(h)(7)(A) & (B).

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the applicable statutes, this Court's general order, and public-health requirements, the parties respectfully request that this Court (1) find that Section 3161(b) applies and that, as a result, the 30-day clock for the return of an indictment or filing of an information is excused, with the 30-day period to begin anew on the date that this Court permits grand juries in the Northern District of Ohio to resume meeting and proceed generally, in the normal course; and (2) after making specific findings to support an "ends of justice" determination pursuant to Section 3161(h), exclude the period of time between the date on which Defendant was arrested and the date on which this Court first permits grand juries in the Northern District of Ohio to resume meeting and proceeding generally, for all Speedy Trial Act purposes.

A proposed order is attached.

Respectfully submitted,

Justin E. Herdman
United States Attorney

By: s/ Mark S. Bennett
MARK S. BENNETT (0069823)
Assistant United States Attorney
801 West Superior Avenue
Suite 400
Cleveland, Ohio 44113
(216) 622-3878
Mark.Bennett2@usdoj.gov

By: s/ Justin M. Weatherly, Esq
JUSTIN M. WEATHERLY, Esq. (0078343)
BRANDON J. HENDERSON, Esq. (0075285)
Henderson, Mokhtari & Weatherly
1231 Superior Avenue
Cleveland, Ohio 44113
(216) 774-0000
Counsel for Defendant Qing Wang