IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MJ NO. 1:20-MJ-9111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE WILLIAM H. |
| v. | ) | BAUGHMAN, JR. |
| | ) | |
| QING WANG, a.k.a. KENNETH | ) | |
| WANG, | ) | **FIFTH JOINT MOTION TO SUSPEND THE** |
| | ) | **30-DAY STATUTORY SPEEDY TRIAL** |
| Defendant. | ) | **CLOCK AND EXCLUDE SUCH TIME FOR** |
| | ) | **ALL SPEEDY TRIAL ACT PURPOSES** |
| | ) | |

The United States of America, by and through its attorneys, Bridget M. Brennan, Acting

United States Attorney, and Michael L. Collyer and Brian S. Deckert, Assistant United States

Attorneys, and Defendant Qing Wang, a.k.a. Kenneth Wang, by and through his attorneys, Peter

Zeidenberg and Michael F. Dearington, and hereby moves this Court to suspend the 30-day time

period imposed by the Speedy Trial Act for returning an indictment in the above-captioned case,

and to exclude such time for all Speedy Trial Act purposes, including, but not limited to the 30-

day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be filed.

The United States initiated this case via complaint and arrest warrant.  Defendant Wang,

was arrested on May 13, 2020, and first appeared before a judicial officer of this Court on May

13, 2020, at which time Defendant was released on bond.

Under 18 U.S.C. § 3161(b), an indictment or information must be filed within 30 days from the date on which a defendant was arrested.  On May 20, 2020, the parties filed a Joint Motion to Suspend the 30 Day Statutory Speedy Trial Clock and Exclude Such Time For All Speedy Trial Act Purposes (R.13: Joint Motion, PageID 51–54), and on May 21, 2020, this Court suspended the 30-day statutory speedy clock. (R. 14: Order, PageID 59–62).  Among other things, the Court agreed with the parties that the pandemic had interrupted the grand jury schedule and therefore additional time was needed to "permit[] grand jurors in the Northern District of Ohio to resume meeting and proceed generally, in the normal course…" (*Id*., PageID 62).  The Court granted three additional extensions on the same grounds, the last of which extended the time for indictment to March 18, 2021.  (R. 16); (R. 18).  As the grand jury schedule continues to be sporadic at this time, the parties request an additional 43 days beyond the current date of March 18, 2021, to on or before April 30, 2021, to seek an indictment, if necessary.

The parties submit that a limited extension of the time for seeking an indictment, if necessary, will serve the ends of justice by affording the parties a meaningful opportunity to continue to explore resolution of the case.  The parties remain in contact and have discussed the resolution of the case at length.  The parties will continue to use the proposed extension of time to review all of the relevant facts, including new documents that continue to be unearthed, and discuss the applicable legal standards, which will serve the interests of justice by potentially rendering grand jury presentation and/or a trial more complete or unnecessary. *See United States v. Fields*, 39 F.3d 439, 445-46 (3d Cir. 1994) (approving "ends of justice" continuance to allow negotiations to continue); *see also United States v. Lewis*, 980 F.2d 555 (9th Cir. 1992).  If grand jury presentment proves necessary, the proposed extension of time will serve the ends of justice

and promote efficiency by allowing the grand jury panel to consider a full panoply of potential charges.

In addition, on March 1, 2021, the Court issued General Order No. 2020-08-6, ordering the courthouse for the Northern District of Ohio to remain closed to the public, and that criminal jury trials are prohibited until May 3, 2021.  The Court made a finding that "the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A)."  The Court also indicated that the Order applied to grand jury proceedings, which would "proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations."

In addition to a finding that Section 3161(h)(7)(A) is applicable, the parties also seek an "ends of justice" finding necessary to exclude time under Section 3161(h).

The Speedy Trial Act excludes "the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence," any period of delay based on a continuance granted by "any judge" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h) & (h)(7)(A).  The court must set forth "in the record of the case" its reasons supporting such a finding, after considering the factors identified in the statute, among others. *Id.*, § 3161(h)(7)(A) & (B).

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the applicable statutes, this Court's general order, and public-health requirements, the parties respectfully requests that this Court:  (1) find that Section 3161(h)(7)(A) applies, continue the time in which an indictment must be returned for an additional 43 days to April 30, 2021; and (2) after making specific findings to support an "ends of justice" determination pursuant to

3

Section 3161(h), exclude the period of time between the date on which Defendant was arrested and the new date established by the Court pursuant to this motion, for all Speedy Trial Act purposes.

A proposed order is attached.

<div style="margin-left: 50%;">

Respectfully submitted,

BRIDGET M. BRENNAN
Acting United States Attorney

By:    s/ Michael L. Collyer
MICHAEL L. COLLYER (OH 0061719)
BRIAN S. DECKERT (OH: 0071220)
Assistant United States Attorneys
801 West Superior Avenue
Suite 400
Cleveland, Ohio 44113
(216) 622-3744
(216) 622-3873
michael.collyer@usdoj.gov
brian.deckert@usdoj.gov

By:    s/ Peter Zeidenberg
PETER ZEIDENBERG (DC 440-803)
MICHAEL F. DEARINGTON
Arent Fox LLP
1717 K Street, NW
Washington, D.C. 20005
(202) 857-6139
Peter.zeidenberg@arentfox.com
Counsel for Defendant Qing Wang

</div>