IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FILED**
8:42 am Jun 24 2021
Clerk U.S. District Court
Northern District of Ohio
Cleveland

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MJ NO. 1:20-MJ-9111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE WILLIAM H. |
| v. | ) | BAUGHMAN, JR. |
| | ) | |
| QING WANG, a.k.a. KENNETH WANG, | ) | |
| | ) | **PROPOSED ORDER ON SEVENTH JOINT** |
| | ) | **MOTION TO SUSPEND 30-DAY** |
| Defendant. | ) | **STATUTORY SPEEDY TRIAL CLOCK** |

Having considered the parties' Seventh and Final Joint Motion to Suspend the 30-Day Statutory Speedy Trial Clock and Exclude Such Time for All Speedy Trial Act Purposes, as well as the Northern District of Ohio's General Order No. 2020-08-7, the Court hereby finds as follows:

1. The government filed a complaint in this case on May 12, 2020, and this Court issued an arrest warrant on May 12, 2020. Defendant was arrested on May 13, 2020 and first appeared before a judicial officer of this Court, where charges were pending, on May 13, 2020, at which time Defendant was released on bond. The Speedy Trial Act, 18 U.S.C. § 3161, normally would require that an indictment or information charging the defendant with the commission of an offense must be filed on or before June 13, 2020. 18 U.S.C. § 3161(b).

2. On March 16, 2020, the District Court for the Northern District of Ohio issued General Order 2020-05, which included a directive stating that, for all Grand Jury proceedings through May 1, 2020, "Grand juries will not meet unless absolutely necessary," subject to vacatur or amendment by the Court no later than May 1, 2020. (Gen. Order 2020-05). On

March 23, 2020, the Court amended General Order 2020-05 and issued General Order 2020-05-01 which states, in pertinent part, that no Grand Juries will convene unless absolutely necessary and with the approval of the Chief Judge. (Gen. Order 2020-05-01). The Court entered these General Orders in response to the COVID-19 public-health emergency declared at both at the national and state levels. (*Id.*). On April 20, 2020, the Court issued Amended General Order 2020-05-02 extending the "operative effect of Amended General Order 2020-05-01 through June 12, 2020. On May 22, 2020, General Order No. 2020-08 (ordering that prior to July 31, 2020, grand juries will not convene unless absolutely necessary and with the approval of the Chief Judge). On July 28, 2020, the Court issued General Order No. 2020-08-1, ordering that until matters are re-evaluated by August 24, 2020, "[g]rand jury matters will proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations." On January 13, 2021, the Court issued General Order No. 2020-08-5, which similarly states that "[g]rand jury matters will proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations." General Order No. 2020-08-5 also prohibits criminal jury trials until April 5, 2021. On March 1, 2021, the court issued General Order No. 2020-08-6, which imposed the same restrictions as its predecessor and prohibits criminal jury trials until May 3, 2021. On April 5, 2021, the Court issued General Order No. 2020-08-7, ordering the courthouse for the Northern District of Ohio to remain closed to the public, and that criminal jury trials are prohibited until May 3, 2021. The Court made a finding that "the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A)." The Court also indicated that the Order applied to grand jury proceedings, which would "proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations."

3. Grand juries have been impaneled in this District, and while they have convened on a limited basis, they have not resumed convening on the regular schedule with the regular number of panels due to the Court's General Orders and the public health crisis.

4. The parties have advised in their Seventh and Final Joint Motion that a limited extension of the time for seeking an indictment, if necessary, will serve the ends of justice by affording the parties a meaningful opportunity to explore resolution of the case. The parties remain in contact and have discussed the resolution of the case at length, and continue to do so. The parties anticipate that they will use the proposed extension of time to continue to review all of the relevant facts and discuss the applicable legal standards, which will serve the interests of justice by potentially rendering grand jury presentation and/or a trial more complete or unnecessary.

5. For these reasons, the ends-of-justice are served by continuing the time in which an indictment must be returned for an additional 16 days, making an indictment due on or before July 15, 2021, and excluding the period of time between the date on which Defendant was arrested and the new date established by the Court pursuant to this Order, for all Speedy Trial Act purposes. Further, given the foregoing, doing so outweighs the best interest of the public and defendant in a speedy indictment and speedy trial, pursuant to 18 U.S.C. Section 3161(h)(7)(A).

6. Failure to grant the requested continuance suspending the 30-day statutory Speedy Trial Clock as associated exclusion would require to the Court to dismiss any complaint for which an information or indictment has not been filed within 18 U.S.C. § 3161(b)'s required 30-day time limit, either with or without prejudice, 18 U.S.C. § 3162(a)(1), which may result in a miscarriage of justice.

7. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government, or failure on the part of the attorney for the Government to obtain available witnesses.

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the statute, the Court finds that the foregoing facts support: (1) suspending the 30-day statutory Speedy Trial Clock set forth in 18 U.S.C. § 3161(b); (2) continuing the time in which an indictment must be returned until July 15, 2021; and (3) good cause for a finding of

excludable time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7), because the ends of justice in granting such a suspension and continuance outweighs the best interest of the public and defendant in a speedy indictment and speedy trial.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The 30-day statutory Speedy Trial Clock set forth in 18 U.S.C. § 3161(b), which was originally set to expire on June 13, 2020, is hereby suspended and continued until the new date established by this Order, or July 15, 2021.

2. The time period of June 13, 2020 to the new date established by this Order, inclusive, is hereby excluded in computing the time for all Speedy Trial Act purposes, including but not limited to the time within which an indictment or information must be filed 18 U.S.C. § 3161(b), and for calculating the 90-day time period under 18 U.S.C. § 3164(b) for beginning trial for a defendant who is detained solely because he is awaiting trial, all under 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iii).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an indictment or information must be filed or a trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which indictment or information must be filed or a trial must commence.

IT IS SO ORDERED.

6/24/21
DATE

*William H. Baughman, Jr.*
MAGISTRATE JUDGE
WILLIAM H. BAUGHMAN, JR.
UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO